L'HOMMEDIEU *vs.* PENNY'S EXECUTORS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-ORLEANS.

A note found among the papers of a factor at his decease, which had been taken in payment of the price of property sold for his consignor, belongs to the latter, and should be delivered up by the executors, or its proceeds if collected, without being mingled with the estate of the deceased.

The plaintiff who resides in New-York, alleges he consigned a quantity of lime to P. B. Penny, of New-Orleans, in the month of June 1832, which was sold on his account by the latter. Among the purchasers was a Mr. Bosque, who gave his note payable to Penny at five months for one thousand four hundred and twelve dollars and forty-four cents. That Penny died soon after, and E. W. Gregory and N. Harrington were appointed his executors, and took possession of his estate, and have collected the amount of Bosque's note and retain the same. The plaintiff claims the amount of said note as the *legal owner* thereof, and prays judgment against the executors jointly and severally for that sum with interest and costs. The executors pleaded a general denial; and that if said debt is established, the plaintiff be decreed to be an ordinary creditor and only entitled to his dividend *pro rata*, in case the estate of Penny proves insolvent.

It was admitted that Bosque's note was given to Penny for the purchase of lime, the property of the plaintiff, consigned to the former for sale on account of the latter; that the executors received the amount of said note.

The judge of probates was of opinion, that in pursuance of the article 3215 of the *Louisiana Code*, even if the estate of Penny turned out to be insolvent, the plaintiff would be entitled to the entire proceeds of the note which had been given in payment of the price of his property. Judgment was rendered accordingly against the defendants in their capacity of executors of Penny's estate, for one thousand four

hundred and twelve dollars and forty-four cents, with interest from the time it was received.

The executors appealed.

S*lidell*, for the plaintiff.

1. The testator was the factor of the plaintiff, and Bosque's note was received for the price of property consigned by the latter and sold on his account.

2. The judgment of the Probate Court is fully sustained by the 3215th article of the *Louisiana Code.* This article is in fact merely a recognition of a general principle of law to be found in the jurisprudence of every country.  *Vide case of Clay* vs. *His Creditors,* 9 *Mar.* 523.

*Locket, contra:*

1. Contended that the plaintiff must be viewed as an ordinary creditor of the estate administered by the defendant and paid accordingly.  The court below erred in giving judgment that this claim be *paid as a privileged debt.*

2. The article of the *La. Code* cited by the judge is in conflict with his judgment.  It applies only to cases of bankruptcy.

3. The 3152d. article of the *Code* provides that "privilege can be claimed only for those debts to which it is expressly granted in this *Code.*"  No express privilege can be shown for this claim.

MARTIN, J., delivered the opinion of the court.

Penny, to whom the plaintiff had sent a consignment of lime, having sold it on a credit to Bosque, had taken the note of the latter for the price thereof.  The executors finding this note among Penny's papers, collected it, imagining that the plaintiff could only be considered as a creditor of the estate for its amount.  The present suit was instituted to enforce the plaintiff's right to have the amount

of the note separated from the estate of the deceased and paid over to him. This was decreed by the Court of Probates, and the executors appealed.

The judgment of the Court of Probates (the plaintiff's allegations being admitted,) appears to us perfectly correct. The deceased was the plaintiff's factor. The note belonged to the former, and ought to have been returned to him without being mingled with those of the deceased: so must the proceeds.

It is ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed with costs.

EASTERN DIS.
June, 1834.

A note found among the papers of a factor at his decease, which had been taken in payment of the price of property sold for his consignor, belongs to the latter, and should be. delivered up by the executors, or its proceeds if collected, without being mingled with the estate of the deceased.